# Richmond.

## CITY OF NORFOLK v. WHITE.

### March 12, 1908.

1. LANDLORD AND TENANT—*Renewal of Lease—Unauthorized Change of Terms—Knowledge of Lessee.*—Where a resolution of a city council authorizes a renewal of a lease made by a former council, and expressly provides in the resolution that the renewal shall be upon the same terms and conditions as the original lease, and the draughtsman of the renewal, without authority, changes the terms, but recites the resolution for the renewal in the contract for the new lease, the lessee takes the property subject to the terms and conditions of the original lease. In all other respects the case is controlled by *Norfolk* v. *Perry, ante* p. 28.

Appeal from a decree of the Circuit Court of the city of Norfolk. Decree for complainant. Defendant appeals.

*Reversed.*

The opinion states the case.

*N. T. Green, Richard McIlwaine, Jr.,* and *J. F. Duncan,* for the appellant.

*Loyall, Taylor & White,* for the appellee.

HARRISON, J., delivered the opinion of the court.

This case was heard with the case of *City of Norfolk* v. *J. W. Perry Co., &c., ante* p. 28, 61 S. E. 867, in which the opinion of this court is herewith handed down. In essential facts the cases are substantially the same.

The claim made herein, that the right of the city of Norfolk to enforce the tax complained of was *res adjudicata,* was without merit and properly abandoned at bar.

In this case, the original lease contract, dated in 1792, provided that the lessee, his executors, administrators and assigns, should pay or cause to be paid to the person or persons authorized to receive the same, "the public and other taxes which shall accrue on the said land."

In September, 1890, the common and select councils of the city of Norfolk, by resolution, authorized their presidents to execute on behalf of the city, "a renewal of the said lease for another term of ninety-nine years, renewable forever, according to the terms thereof." This resolution is recited on the face of the renewal lease contract, dated September, 1890. In this renewal lease the language of the original covenant, obliging the lessee to pay "the public and other taxes which shall accrue on the said land," is changed by the substitution therefor of these words, to pay "all taxes, State and national, which shall accrue on the said land." This departure from the terms of the original covenant, with respect to the payment of taxes, was made by the draughtsman of the renewal lease without the authority of the councils of the city of Norfolk, as plainly shown by the resolution of such councils, which is recited on the face of the new lease. That resolution expressly provides that the renewal lease shall be according to the terms of the original lease; and it was clearly intended when the renewal lease was executed that the terms and conditions thereof should be the same as those contained in the original lease. It is further clear from the recitation in the renewal lease of the resolution of the councils, that the appellee took with knowledge of such intention, and is therefore bound to pay the taxes assessed upon the property according to the terms of the covenant contained in the original lease, and not according to the restricted terms, "State and national taxes," employed in the renewal lease.

The other contentions made herein are the same as those put forward in *City of Norfolk* v. *J. W. Perry Co., &c.*, and are controlled by the decision in that case.

For the reasons there given, in addition to what is here said, we are of opinion that no right of the appellee under his lease contract has been violated by the tax imposed by the city of Norfolk, and, therefore, the decree appealed from, enjoining the collection of such tax, is erroneous, and must be reversed. And this court proceeding to enter such decree as the circuit court should have rendered, it is ordered that the temporary injunction granted herein be dissolved, and the complainant's bill be dismissed.

*Reversed.*